# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALTON INDUSTRIES GROUP LTD., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05 C 0890 |
| EAST PRECISION MEASURING TOOL CO., LTD., URBAN GORILLA TOOLS INC., LARRY LEMELSON, and CTT TOOLS, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Alton Industries Group, Ltd. filed suit against East Precision Measuring Tool Co., Ltd., Urban Gorilla Tools, Inc., Larry Lemelson, and CTT Tools, Inc. for breach of an exclusive sales contract, tortious interference with Alton's contracts, defamation, and violations of the Illinois Consumer Fraud Act (ICFA). Before the Court is the motion of Urban Gorilla and Lemelson to dismiss Counts 2 and 3 of Alton's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court denies the motion as to Count 2 and grants it as to Count 3.

### Facts

The following allegations from Alton's complaint are taken as true for purposes of the motion to dismiss. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998). Alton is an Illinois corporation that specializes in importing electric tools from China to the United States. On May 9, 2003, Alton entered into an exclusive sales contract with East Precision, a Chinese company, for the distribution of East Precision's laser measuring tools. The contract authorized Alton to sell the laser measuring tools as East

Precision's sole agent in the United States and Mexico. In return, Alton was to use its expertise to assist East Precision to prepare its tools for the United States and Mexico markets.

After signing the exclusive sales contract, Alton alleges, it devoted substantial resources over a period of several months to marketing, promoting, and developing the market for the laser measuring tools, including participating in trade shows and marketing the products to retailers. From July 2003 through the end of 2003, Alton sold 30,000 sets of the tools.

In April 2004, Alton obtained a purchase order from Menard's, a hardware retailer, for 100,000 sets of the laser measuring tools. David Lu, Alton's president, informed East Precision of the Menard's order and traveled to East Precision's factory in China in July 2004. While visiting the factory, Lu saw that East Precision was filling purchase orders from another American distribution company and learned that since August 2003, East Precision had been exporting its laser measuring tools to the United States through various distribution companies, including Urban Gorilla, a California-based distributor. Alton claims this violates its exclusive sales contract.

According to Alton, Urban Gorilla and its president, Larry Lemelson, knew about the exclusive sales contract between Alton and East Precision, but despite their knowledge, ordered laser measuring tools from East Precision for sale in the United States market and otherwise wrongfully induced East Precision to breach the exclusive sales contract.

On August 3, 2004, East Precision sent letters to Menard's, which Alton alleges included false accusations that it was engaging in "business cheating" in China and that it was infringing a patent held by East Precision. Menard's consequently informed Alton that it would cancel its purchase order unless Alton could provide proof that it was not infringing any of East Precision's patents. As a result, Alton alleges, it was required to incur legal fees and purchase additional

insurance to indemnify Menard's against possible claims. According to Alton, East Precision sent similar letters to other United States tool retailers and mail order companies, such as Home Depot, Sam's Club, Lowe's, Northern Tool, Tractor Supply Company, and Target. Alton alleges that Urban Gorilla and Lemelson falsely represented to the buyers of these companies that Alton's laser measuring tools infringed East Precision's patents. Alton also claims that the defendants' conduct injured Alton and Illinois consumers.

On February 14, 2005, Alton filed a five-count complaint in this Court, asserting claims against East Precision for breach of contract (Count 1), against Urban Gorilla and Lemelson for tortious interference with contract (Count 2), against East Precision, Urban Gorilla, Lemelson, and CTT Tools for violation of the ICFA (Count 3) and for defamation (Count 4), and against Urban Gorilla, Lemelson, and CTT Tools for tortious interference with a prospective business relationship (Count 5). Urban Gorilla and Lemelson have moved to dismiss Counts 2 and 3 for failure to state a claim.

## Discussion

A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief can be granted, not whether the plaintiff ultimately will prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, a court takes the complaint's well-pleaded allegations as true and draws reasonable inferences in favor of the plaintiff. *Id.* Dismissal is proper only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

1.  **Tortious Interference Claim**

In Count 2, Alton alleges that Urban Gorilla and Lemelson tortiously interfered with its contract with East Precision. To prevail on a tortious interference with contract claim under Illinois law, a plaintiff must establish: the existence of a valid and enforceable contract between the plaintiff and a third party; the defendant's awareness of the contractual relationship; the defendant's intentional and unjustified inducement of a breach of the contract; a subsequent breach by the third party caused by the defendant's wrongful conduct; and damages resulting from the breach. *Prince v. Zazove*, 959 F.2d 1395, 1397 (7th Cir. 1992).

In Illinois, a plaintiff cannot bring an action for tortious interference with contractual relations based on inducement of the termination of a terminable-at-will contract. *Cody v. Harris*, 409 F.3d 853, 859 (7th Cir. 2005). A contract that is not of fixed duration is presumed to be terminable at will under Illinois law. *Ryan v. Wersi Elec. GmbH & Co.*, 3 F.3d 174, 181 (7th Cir. 1993). Urban Gorilla and Lemelson argue that because the exclusive sales contract between Alton and East Precision did not specify a time duration, it was terminable at will, rendering Alton unable to bring an action for tortious interference with contractual relations.

At the present stage of the case, the issue is whether it is apparent beyond doubt that Alton could prove no set of facts that would entitle it to relief. The Court cannot make such a finding. The allegations in the complaint could support a theory that given the parties' contemplation of a substantial investment by Alton to develop the market, there was an implied understanding that Alton would not be terminated until it had a fair chance to recoup its initial investment. *See E.J. Brach Corp. v. Gilbert Int'l, Inc.*, No. 90 C 1339, 1991 WL 148914, *4

(N.D. Ill. June 18, 1991) (Hart, J.). For this reason, the Court denies the motion to dismiss Count 2.

2. **Illinois Consumer Fraud Act Claim**

In Count 3, Alton alleges that Urban Gorilla and Lemelson violated the ICFA. The ICFA provision containing the statute's general definition of unlawful practices is broadly worded to include "the use or employment of any deception ... in the conduct of any trade or business." 815 ILCS 505/2. The ICFA provides that any "person" – a term defined to include corporations and other business entities – who suffers actual damage as a result of a violation of the Act may file suit against the violator. *Id.* §§ 10a(a) & 1(c). The statute was amended in 1990 to provide that "proof of public injury, a pattern, or an effect on consumers generally shall not be required." *Id.* § 10a(a).

Despite the breadth of the ICFA's language, courts have held that at least some, and maybe all, ICFA claims must meet a so-called "consumer nexus" test in that the conduct involved must involve trade practices directed to the market generally or that otherwise implicate consumer protection concerns. *Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir. 1996). Such a showing may not be necessary if the plaintiff is a consumer. *See, e.g., Skyline Int'l Dev. v. Citibank, F.S.B.*, 302 Ill. App. 3d 79, 85, 706 N.E.2d 942, 946 (1998) ("[I]f the plaintiff, whether a business entity or a person, is a consumer, it need only show a personal injury caused by the [defendant's] fraudulent or deceptive acts."). But even if so, that does not help Alton, because there is no indication that it was a consumer of any of the defendants' products or services; rather it was a distributor of East Precision's products.

Alton claims that Urban Gorilla and Lemelson's alleged misrepresentations to retailers and mail order companies provide the necessary consumer nexus. The Court disagrees. The

5

claimed consumer connection is far too indirect to satisfy the consumer nexus requirement. The alleged misrepresentations were directed to other resellers, not to consumers. *See American Broadcasting Co. v. Maljack Productions, Inc.*, 34 F. Supp. 2d 665, 681 (N.D. Ill. 1998) (holding that defendant's letters were not directed to the market generally and had no direct effect on consumers and therefore did not provide the required consumer nexus).

Alton argues that consumers eventually could be affected by the defendants' conduct, because that conduct could affect which products they ultimately purchase. But this is not enough to satisfy the consumer nexus requirement. *See, e.g., Kingsford Fastener, Inc. v. Hitachi Koki U.S.A., Ltd.*, No. 00 C 7395, 2002 WL 992610, *3 (N.D. Ill. 2002); *Stepan Co. v. Winter Panel Corp.*, 948 F. Supp. 802, 807 (N.D. Ill. 1996) ("[A]lmost every product sold by one commercial party to another will ultimately be sold to or otherwise effect [sic] a customer.").

For the reasons stated above, Alton has failed to state a claim for violation of the ICFA.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motion to dismiss in part and denies it in part. Count 3 is dismissed for failure to state a claim. Defendants are directed to answer Count 2 within 14 days of this order.

                                                                                                                                                                                    MATTHEW F. KENNELLY
                                                                    United States District Judge

Date: July 15, 2005